The defendant was convicted for robbery and sentenced to ten years' imprisonment. Two issues are presented on appeal.
 I
The defendant argues that he was denied his Sixth Amendment right to a speedy trial.
The delay between the indictment and trial was fifty months. Applying the tetrad standard articulated by the Supreme Court in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101
(1972), we find that the length of the delay is "presumptively prejudicial".
However, there existed a legitimate, justifiable reason for the post-indictment delay. After the defendant was indicted for this robbery, he was charged with a capital offense. In February of 1978, he was convicted and sentenced to death. That conviction was subsequently overturned on authority of Beck v. Alabama,447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980).
In Jamerson v. Estelle, 666 F.2d 241 (5th Cir. 1982), the State of Texas argued that the existence of a death sentence provided a legitimate, justifiable reason for post-indictment delay in bringing an accused to trial. The court found this contention "manifestly well-founded". Jamerson, 666 F.2d at 243.
 "In Turner v. Estelle, 515 F.2d 853 (5th Cir. 1975), cert. denied, 424 U.S. 955, 96 S.Ct. 1431, 47 L.Ed.2d 361 (1976), we recognized that conservation of prosecution and judicial resources is a valid ground for a postindictment delay and noted that: `Texas' position is that it justifiably chose not to expend scarce judicial and prosecutorial resources in trying a defendant facing a death sentence, the execution of which would have eliminated the need for any trial at all.' 515 F.2d at 856. We found this reasoning to be compelling in Turner." Jamerson, 666 F.2d at 244.
In Jamerson, the State failed to prosecute for forty-four months, from the time of indictment until the Texas death penalty statute was declared unconstitutional in Furman v.Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). The court noted: "During that time Jamerson was incarcerated under a sentence of death. The Sixth Amendment does not require that he be brought to trial for a non-capital offense during that period." 666 F.2d at 244. On authority of Jamerson, we find the delay in this case was excusable.
The third factor outlined in Barker concerns the defendant's action or inaction in asserting his speedy trial right. It is undisputed that the defendant never made any demand for a trial on the robbery indictment. The defendant also testified that he did not request a trial because of the "added publicity" it would generate in addition to that already created by the capital offense.
The fourth and final consideration in the Barker equation is the degree of prejudice the delay has caused the defendant. The defendant testified that he could not recall his whereabouts when the crime was committed and that he was unable to locate any "potential" witness. Although a defendant need not affirmatively demonstrate prejudice to establish a violation of his right to a speedy trial, Moore v. Arizona, 414 U.S. 25, 26,94 S.Ct. 188, 189, 38 L.Ed.2d 183 (1973); Barker,407 U.S. at 533, 92 S.Ct. at 2193, more than general conclusions are necessary. In Barker, the Supreme Court "emphasize(d) that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial."407 U.S. at 532, 92 S.Ct. at 2193.
The defendant has failed to demonstrate sufficient prejudice resulting from the post-indictment delay to obtain relief under the Barker rubric. Speculation or mere conclusional observations regarding a witness's memory cannot be raised to the level of constitutional prejudice. Jamerson, 666 F.2d at 245. "(S)peculative allegations, such as general allegations of loss of witnesses and failure of memories are insufficient to establish the requisite actual prejudice." United States v.Avalos, *Page 17 541 F.2d 1100, 1108 (5th Cir. 1976); Wade v. State, 381 So.2d 1057, 1061
(Ala.Cr.App.), cert. denied, Ex parte Wade, 381 So.2d 1062
(Ala. 1980).
In applying the balancing test of Barker, we conclude that the defendant's Sixth Amendment right to a speedy trial was not violated.
 II
The trial judge did not err in denying the defendant's motion for a mistrial based upon the prosecutor's repeated references to evidence which the judge had previously ruled inadmissible. In each instance where the prosecutor attempted to delve into the victim's identification of the defendant from a picture in the newspaper, the trial judge sustained the defendant's objection and none of the questions were answered. The judge also instructed the jury to disregard the prosecutor's references.
"A motion for a mistrial should not be granted where the prejudicial qualities of the comment can be eradicated by action of the trial court." Nix v. State, 370 So.2d 1115, 1117
(Ala.Cr.App.), cert. denied, Ex parte Nix, 370 So.2d 1119 (Ala. 1979). "(A)n improper remark may be rendered `innocuous' where the thrust of the remark is indirect and the trial court sustains the objection of defense counsel and merely instructs the jury not to consider the remark." Nix, 370 So.2d at 1117.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.