Appellant Otto Mayes, Jr., escaped from the Covington County jail in July 1980. The October 1980 grand jury of Covington County, returned an indictment against him for this escape. Appellant was caught in Columbus, Georgia, and in January, 1981 was returned to another county in Alabama to be tried on other charges. He testified at his motion for a speedy trial that he had been in jails in Geneva and Elba and that he was tried in May 1981 in Enterprise.
In July 1983, appellant, then a resident of Holman Prison, filed in Covington County a pro se "motion for fast and speedy trial." The authorities thereupon proceeded to act on the old indictments and caused the appellant to be "arrested" in August 1983. A hearing was held on appellant's speedy trial motion and motion to dismiss the indictment. Appellant argued that since he was currently serving a term of life imprisonment without parole, no further action should be taken against him. The motions were denied. Appellant was arraigned and pleaded not guilty on October 3, 1983. The case was tried on October 27, and appellant was convicted. He was sentenced to life imprisonment in the penitentiary. On this appeal he contends that his right to a speedy trial as preserved by the Sixth Amendment to the United States Constitution was violated.
The total time delay between the beginning of the criminal prosecution and the actual trial of this case was October 1980 to October 1983. Four factors have to be considered in determining whether a defendant has been denied his right to a speedy trial: (1) length of delay, (2) reason *Page 769 
for the delay, (3) defendant's assertion of his rights, and (4) prejudice to the defendant. Barker v. Wingo, 407 U.S. 514,92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Times greater than three years have been found not to violate the speedy trial right. Extended delay does trigger the court's inquiry into the other factors. The time during which the appellant was a fugitive cannot be held against the prosecuting authority in computing the time.
We note that during the interim period, the appellant was tried and convicted of another offense in another county in this state, resulting in his receiving a sentence of life imprisonment without parole. The period of delay attributable to disposition of the other charge in the other county, where reasonable, cannot be charged against the state as needless delay.
In Turner v. Estelle, 515 F.2d 853 (5th Cir. 1975), cert. denied, 424 U.S. 955, 96 S.Ct. 1431, 47 L.Ed.2d 361 (1976), and in Jamerson v. Estelle, 666 F.2d 241 (5th Cir. 1982), the Fifth Circuit Court of Appeals held that conservation of prosecution and judicial resources also constituted a valid ground for post-indictment delay. Each of those federal cases involved a delay in bringing an accused to trial because he had received a death sentence in another case. The U.S. Fifth Circuit Court of Appeals stated in part:
 ". . . Texas' position is that it justifiably chose not to expend scarce judicial and prosecutorial resources in trying a defendant facing a death sentence, the execution of which would have eliminated the need for any trial at all. 515 F.2d at 856. We found this reasoning to be compelling in Turner."
We have recognized this principle in Thomas v. State,432 So.2d 15 (Ala.Crim.App. 1983).
That an accused has, since indictment, been sentenced to life imprisonment without parole in a different case is a valid consideration in evaluating the reason for delay. We recognize a difference between death and life without parole cases, however, in that there exists a higher statistical probability that some court will find fault with any death penalty case. When the appellant in this case did assert his right to a speedy trial, the state acted promptly and trial was had within a short period of time. We find no proof of actual prejudice to the appellant in the preparation and presentation of his defense resulting from the delay. On balance, we conclude that the trial court did not err in denying the motion to dismiss the indictment for failure to provide a speedy trial.
Appellant also contends that the court erred in refusing to give his written requested jury instructions on the issue of duress. Suffice it to say that in order to claim the very narrow and limited defense of duress, the defendant must prove that he surrendered himself to the proper authorities after attaining a position of safety with reference to the threatened harm. There is no evidence of surrender in this case and consequently the court could not have legally charged the jury on the issue of duress.
Accordingly, this case is affirmed.
AFFIRMED.
All the Judges concur except BOWEN, P.J., who concurs in result only.