David Kimberly was convicted for second degree robbery and sentenced to fifteen years' imprisonment as a habitual offender. Two issues are raised on appeal.
 I
The defendant argues that the delay of four years, two months, three weeks, and two days between his indictment and trial denied him a speedy trial. The significant facts are as follows:
 1981, May 12 The defendant and Jay Whatley rob Murray's Antiques in Mobile, Alabama, and flee the state.
 1982, January 15 The defendant is indicted for robbery in Mobile.
 July 8 The defendant is arrested by the F.B.I. in Florida. He is subsequently convicted by a federal court in Maryland on two charges of assaulting a federal officer and sentenced to twenty years' imprisonment at the federal penitentiary in Leavenworth, Kansas.
 1983, January 5 The defendant requests prison officials to file "fast and speedy trial motions on any and all detainers."
 March The defendant is transferred to Tennessee for prosecution on state charges. He is returned to Leavenworth in November.
 May The record shows that the Mobile District Attorney and Sheriff were informed of the defendant's location. *Page 536 
The Sheriffs Office filed a detainer against the defendant in Coffee County, Tennessee, where the defendant had been temporarily transferred for the trial of state charges.
 July The District Attorney for Coffee County, Tennessee advised the Mobile Sheriffs Office that it needed to file a detainer with the Federal Prison System in order to obtain custody of the defendant.
 September Scott Kimberly, the defendant's brother is convicted for the robbery of Murray's Antiques.
 1984, January 24 The defendant is transported to Maryland for prosecution on state charges.
 April The defendant wrote a letter to the Mobile DA requesting the DA to send a detainer to Leavenworth so a "fast and speedy disposition" of the charge can be obtained or that the charge be dismissed. The DA never responded.
 September Sandra Whatley, the defendant's ex-girlfriend, is convicted and sentenced for her part in the Mobile robbery.
 December 7 Scott Kimberly's conviction is reversed on appeal due to the State's failure to produce requested exculpatory evidence. Ex parte Kimberly, 463 So.2d 1109 (Ala. 1984).
 1985, July 31 An assistant district attorney informs defense counsel by letter that Scott Kimberly and the defendant will be tried together.
 August 7 A detainer is lodged against the defendant in Leavenworth.
 The defendant is subsequently notified that the federal authorities were granting Mobile temporary custody under the Interstate Agreement on Detainers. The defendant files notice of his intention to resist transfer which fixed the earliest possible date the State could obtain custody at September 25, 1985.
 1986, February 16 The defendant is returned to Mobile.
 February 27 The defendant is arraigned. The defendant testifies at Scott's trial, confesses to the robbery, and exonerates his brother who is acquitted.
 March 17 The defendant files a motion to dismiss because of the denial of a speedy trial.
 April 7 The defendant is tried and convicted before a judge sitting without a jury.
Applying the four-part test of Barker v. Wingo,407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), we find no violation of the defendant's constitutional right to a speedy trial.
Length of Delay: For convenience, all time periods are given in approximate years and months. The length of time from indictment to trial was four years and three months. However, the seventeen-month period from the defendant's indictment until the Mobile authorities first learned of his whereabouts cannot be considered part of the delay. "[A]n accused may not . . . complain of any abridgement of his right to a speedy trial where the delay in question is caused by his unlawful flight from prosecution." 21A Am.Jur.2d CriminalLaw § 659 (1981). The period of delay is now two years and ten months.
Under the Interstate Agreement on Detainers, the defendant was transferred to Tennessee for nine months in 1983 and to Maryland for three months in 1984 for prosecution of state charges. This twelve-month period is not considered as part of the unexcusable delay. "The period of delay attributable to disposition of the other charge in the other county, where reasonable, cannot be charged against the state as needless delay." Mayes v. State, 453 So.2d 767, 769
(Ala.Cr.App. 1984); Annot., 46 A.L.R.Fed. 358, § 4(b) (1980). Neither can we consider the thirty-day period in August of 1985 when the defendant resisted extradition to Mobile. "An accused cannot generally take advantage of a delay in being brought to trial where he was responsible for the delay either by action or inaction." 21A Am.Jur.2d Criminal Law at § 659. This leaves a period of delay of one year and nine months. *Page 537 
We view this delay as excessive but not sufficient of itself to warrant a finding without further inquiry that the defendant was denied a speedy trial. Wade v. State,381 So.2d 1057, 1059 (Ala.Cr.App.), cert. denied, Ex parte Wade,381 So.2d 1062 (Ala. 1980) (21 months); Turner v.State, 378 So.2d 1173, 1177 (Ala.Cr.App.), cert. denied,Ex parte Turner, 378 So.2d 1182 (Ala. 1979) (twenty-five months).
Reason for Delay: The defendant recognizes that six months of the period from August of 1985, when a detainer was filed, to February of 1986, when the defendant was returned to Mobile, were consumed by "mistakes in paper work between the Sheriff, District Attorney's Offices and [the] Prisoner Transport Company." Appellant's brief, p. 13. This, and the facts that the defendant was being prosecuted for other offenses in Tennessee and Maryland and resisted transfer for a short time are the only reasons given for the delay in bringing the defendant to trial. The State has advanced no justification for this delay.
The Sixth Amendment right to a speedy trial cannot be infringed on the ground that the accused is imprisoned in another jurisdiction awaiting trial or serving sentence.Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575,21 L.Ed.2d 607 (1969). "On the contrary, the state or jurisdiction in which the charge is pending has a constitutional obligation to make a diligent and good faith effort to bring the accused before court for trial." 21A Am.Jur.2d Criminal Law
§ 658. See also McCallum v. State, 407 So.2d 865,867 (Ala.Cr.App. 1981).
Here, there is no serious suggestion of prosecutorial bad faith. There is no evidence that the delay was intentionally caused by the State to gain some advantage or to prejudice the defendant. Cf. Lewis v. State, 469 So.2d 1291
(Ala.Cr.App. 1984), affirmed, Ex parte Blake,469 So.2d 1301 (Ala. 1985). However, the State did not exercise diligence in its efforts to locate and prosecute the defendant. This negligence and "bureaucratic indifference and inefficiency" must be weighed against the State, although not as heavily as a deliberate attempt to delay the trial.Taylor v. State, 429 So.2d 1172, 1174 (Ala.Cr.App.), cert. denied, Taylor v. Alabama, 464 U.S. 950,104 S.Ct. 366, 78 L.Ed.2d 326 (1983).
Prejudice: The defendant recognizes that he failed to prove any prejudice. Appellant's brief, p. 17. At trial, the defendant did allege that the long delay prejudiced his case due to the death or disappearance of several witnesses who would establish that his participation in the robbery was "forced." At trial, the defendant testified that he had never denied committing the robbery: "I've never denied a word of it, but that it was committed because I was forced into it." The defendant explained: "Jay Whatley knew some information on me from years before that he threatened to disclose and cause me a lot of trouble if I didn't help him come down here [to Mobile] and secure a ring [from Murray's Antiques] that he was after." But, as the trial judge noted at the sentence hearing, "Even if you could have proven [that] . . . that is not a defense under Alabama law." The defendant responded, "I know that, sir. I'm just trying to explain something."
The "force" or duress necessary to excuse criminal conduct must be such "that the actor engaged in the proscribed conduct because he was compelled to do so by the threat of imminent death or serious physical injury to himself or another." Alabama Code 1975, § 13A-3-30(a).
In arguing the motion to dismiss, defense counsel made vague allegations that the defendant had been deprived of "many Federal benefits" and programs and that the delay had affected his good time. See Ex parte Slaughter, 377 So.2d 632,634 (Ala. 1979). We consider these allegations too vague to substantiate any claim of prejudice. Additionally, we consider this allegation of prejudice as insignificant due to the fact that, while the defendant was awaiting trial in Mobile, he was also being prosecuted and convicted in other states. SeeBroadnax v. State, 455 So.2d 205 (Ala.Cr.App. 1984). *Page 538 
Assertion of Right: In January of 1983, the defendant filed an "inmate request to staff members" stating that he wanted "to immediately file fast speedy (Interstate Compact Agreement) trial motions on any alldetainers." (Emphasis added.) At that time, Mobile had not lodged a detainer against the defendant. In response to this request, a "detainer action letter" was sent from Leavenworth to the Mobile County Sheriff's Department in May of 1983 requesting the status of the robbery charge and advising, "If subject is wanted by your department and you wish a detainer placed, it will be necessary for you to forward a certified copy of your warrant to us." This was not a request for a speedy trial. The record contains no explanation why the federal prison officials failed to request a "fast and speedy trial" on the Mobile robbery charge. Some confusion may have resulted from the fact that Mobile had not, at that time, filed a detainer.
The first actual request to Mobile for a speedy trial was in April of 1984 when the defendant wrote the Mobile County District Attorney.
In August of 1984, the defendant wrote a letter to Mobile County Circuit Judge Edward McDermott. This was not a request for a speedy trial but a statement of Scott Kimberly's innocence.
The defendant's requests for a speedy trial were neither frequent nor forceful and amount to little more than proforma objection. Barker, 407 U.S. at 529,92 S.Ct. at 2191, 33 L.Ed.2d at 116. The failure of prison officials to carry out their statutory duties under the Interstate Agreement on Detainers should not always be weighed against the prosecuting authority. Annot., 98 A.L.R.3d 160, § 10 (1980). See McCallum v. State, 407 So.2d 865,869 (Ala.Cr.App. 1981).
Section 15-9-82(a), Code of Alabama 1975, provides:
 "Any person who is imprisoned in a penal or correctional institution of this state may request final disposition of any untried indictment, information or complaint pending against him in this state.
 The request shall be in writing addressed to the court in which the indictment, information or complaint is pending and to the district attorney charged with the duty of prosecuting it, and shall set forth the place of imprisonment."
There must be strict compliance with the provisions of the Interstate Agreement on Detainers. Whitley v. State,392 So.2d 1220, 1224 (Ala.Cr.App. 1980), cert. denied, Exparte Whitley, 392 So.2d 1225 (Ala. 1981);McCallum, 407 So.2d at 869. Here, the defendant's only request for final disposition of the indictment addressed to the court was his motion to dismiss filed one month before trial. See McAlpin v. State, 397 So.2d 209, 210
(Ala.Cr.App.), cert. denied, Ex parte McAlpin,397 So.2d 211 (Ala. 1981).
Here, as in Wade, 381 So.2d at 1061, "[a]pplying the balancing test set out in Barker, we find that the trial court did not err in overruling the defendant's motion to dismiss for want of a speedy trial. While the delay in this case was lengthy and even if there is absolutely no valid excuse for the delay, the defendant has not established a denial of his constitutional right to a speedy trial as a matter of law." Especially significant in this case are the facts that the defendant has admitted his guilt in the robbery and that he has no legal defense. The delay or passage of time alone does not constitute the denial of a speedy trial. Noev. State, 391 So.2d 151, 152 (Ala.Cr.App. 1980). "No constitutional basis exists for determining what amount of delay deprives a prisoner of his constitutional right to a speedy trial. This determination must be made on a case by case basis." Whitley, 392 So.2d at 1225.
 II
The defendant argues that Mobile County lost jurisdiction to try him when it failed to comply with the 180-day rule of the Uniform Mandatory Disposition of Detainers Act. Alabama Code 1975, § 15-9-80 through § 15-9-88. The defendant's request to the federal prison officials in January of 1983 for a "fast and speedy trial on *Page 539 
any and all detainers" did not trigger the 180-day period because, at that time, there was no detainer lodged against him. In order to invoke the provisions of Article III of § 15-9-81, it is essential that the accused must be imprisoned in another state and must have pending an "untried indictment, . . . on the basis of which a detainer has been lodged against the prisoner." § 15-9-81, Article III(a). See Annot., 98 A.LR.3d 160, § 5 (1980).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.