MONTIEL, Judge.
The appellant, Harold Dean Hobson, was charged in a five-count indictment with two counts of distribution of marijuana, one count of conspiracy to distribute marijuana, and two counts of promoting prison contraband. The trial court granted defense counsel’s motion for a judgment of acquittal as to the counts of promoting prison contraband. The jury found the appellant not guilty as to one count of distribution of marijuana, but found him guilty as to the other count of distribution of marijuana and as to the count of conspiracy to distribute marijuana. The appellant was sentenced, pursuant to the Habitual Felony Offender Act, to two terms of ten years’ imprisonment with the terms to run consecutively.
I
The appellant first argues that he was denied his right to a speedy trial because there was almost a 17-month delay between the indictment and the trial. He argues that his sentence should be set aside and that he should be granted a new trial because of the delay. We disagree.
The record indicates that the appellant was indicted on December 18, 1990. He was not incarcerated pending trial. The trial was set initially for March 1, 1991, but was delayed when the trial judge had to recuse himself. The appellant filed a motion for a speedy trial on June 27, 1991. The case was again set for trial on September 16, 1991, but the case was not reached on the docket. The record further indicates that on January 27, 1992, the case was again continued, but, according to the prosecuting attorney, not at the request of the State. On May 4, 1992, the appellant filed another motion for a speedy trial. The trial began on May 6, 1992, two days after the appellant filed his second motion for a speedy trial.
A delay or the mere passage of time, alone, does not constitute a denial of the right to a speedy trial. Kimberly v. State, 501 So.2d 534, 538 (Ala.Crim.App. 1986). Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), provides a four-part analysis to be used when examining the speedy trial issue. Barker held that, in deciding whether an accused has been denied the right to a speedy trial, a court must consider: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant’s assertion of his right; and (4) the prejudice to the defendant’s case. The analysis and weighing of these factors must be done on a case-by-case basis, because there is no constitutional basis for determining the amount of delay that deprives the accused of his right to a speedy trial. Whitley v. State, 392 So.2d 1220 (Ala.Crim.App.1980), cert. denied, 392 So.2d 1225 (Ala.1980).
Here, we cannot necessarily hold that the length of the delay was excessive, in light *1170 of the reasons for the delay. At least one trial judge had to recuse himself, and it is argued, although the case action summary sheet does not note it, that another judge recused himself, causing further delay. The trial was set for a date less than three months from the date of the appellant’s first speedy trial motion, but, the ease was not reached on the docket. The trial was held within two days after the second motion for a speedy trial. The record shows no evidence of bad faith on the part of the State and no evidence that the State intentionally caused any delays to gain an advantage over the appellant or to prejudice him. See Kimberly, 501 So.2d at 537; Lewis v. State, 469 So.2d 1291, 1294-95 (Ala.Crim.App.1984), aff'd, Ex parte Blake, 469 So.2d 1301 (1985).
Moreover, even if we were to assume that the delay was excessive, we are unable to discern from the record any prejudice to the appellant’s case. Defense counsel, in its motion for a speedy trial filed two days before trial, argued that certain witnesses could not now be located because of the delay. However, defense counsel made no proffer as to the content of the testimony of those witnesses or their helpfulness to the defense. In addition, defense counsel did not say what efforts had been made to procure the witnesses for the trial, or present any evidence that any delay had in fact caused the witnesses’ absence. In Goodson v. State, 539 So.2d 1112, 1115 (Ala.Crim.App.1988), this court held that a defendant’s lack of effort in trying to obtain a potential witness for trial precluded a finding that a 21-month delay had prejudiced him and had violated his right to a speedy trial.
Applying the Barker factors to this case, we cannot hold that the appellant’s right to a speedy trial was violated.
II
The appellant further argues that the trial court erred in denying his motion to set aside his sentence. Specifically, the appellant argues that his motion was due to be granted because, he says, the State gave notice of its intent to enhance his sentence under the Habitual Felony Offender Act three days prior to the sentencing hearing and because, he says, the conviction used to enhance his sentence was not properly proven because it was based on a case action summary sheet.
The record reflects that the State served the required notice on the appellant on June 17, 1992. The appellant argues that he did not receive the notice until June 19, 1992. The appellant was sentenced on June 22, 1992. In Humber v. State, 481 So.2d 452, 453 (Ala.Crim.App.1985), a defendant was given notice that he would be sentenced as an habitual offender one day prior to the sentence hearing. On appeal, this court stated:
“This Court has previously held that two days’ advance notice is reasonable. Gratton v. State, 455 So.2d 189 (Ala.Crim.App. 1984); Holley v. State, 397 So.2d 211 (Ala. Crim.App.), cert. denied, 397 So.2d 217 (Ala.1984 [1981]). We are unwilling to set a minimum time for such notice, preferring to leave the determination of ‘reasonableness’ to the discretion of the judge on the scene, who is familiar with the circumstances of the case.”
In this case, the trial court specifically noted in its sentencing order that the appellant had been given reasonable notice that the State was seeking enhancement of the sentence under the Habitual Felony Offender Act. Only one prior felony was used to enhance the appellant’s sentence, and the prosecution provided the appellant with the documentation regarding the prior felony. It appears that the appellant was fully aware that the State intended to proceed under the Habitual Felony Offender Act and of what prior felony would be used to enhance his sentence. Under these circumstances, we hold that the trial court did not err in finding that the appellant was given adequate notice.
The appellant also asserts that the trial court erred in allowing the prior felony conviction to be proved through the introduction of a ease action summary sheet relating to the prior conviction. Section 13A-5-10.-1(a), Code of Alabama 1975, states, “Certified copies of ease action summary sheets, docket sheets or other records of the court are admissible for the purpose of proving prior *1171 convictions of a crime.” Thus, it is proper for the State to use a certified copy of a case action summary to prove the prior felony conviction of the appellant. In this ease, the record does not reflect whether the copy of the case action summary introduced was properly certified. However, because the appellant has not objected to the certification of the case action summary, we find no error in regard to the appellant’s sentence.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.