Eric Zachery Ingram, the appellant, was convicted of the illegal possession of a pistol in violation of Ala. Code 1975, § 13A-11-72(a), and was sentenced to five years' imprisonment. He raises two issues on this direct appeal from that conviction.
 I.
The appellant contends that he was denied a speedy trial.
Although the appellant filed a motion seeking the dismissal of the indictment for failure to prosecute, the record contains no transcript of any hearing on this motion. We have gathered the following facts, which are presented in chronological order, from the record:
 February 2, 1983: The appellant pleaded guilty and was convicted of burglary in the second degree and was sentenced to 12 years' imprisonment. C.R. 25; R. 36.
 April 12, 1991: The appellant was arrested for public intoxication, parole violation, and illegal possession of a pistol. C.R. 2; R. 10, 23. At this time the appellant was on parole. R. 60, 64.
 June 1991: The appellant's attorney demanded a preliminary hearing. R. 62.
 July 30, 1991: The appellant was indicted for illegal possession of a pistol. C.R. 2, 8.
 July 31, 1991: The trial court issued a discovery order. C.R. 2, 9.
 August 2, 1991: The case action summary entry states: "Notice of arraignment to defendant and sureties." C.R. 2.
 August 14, 1991: The appellant's parole was revoked. See paragraph 3 of "Notice of Motion Seeking Order Dismissing Indictment For Failure to Prosecute," C.R. 16.
 August 15, 1991: The appellant failed to appear for arraignment and a writ was issued for his arrest. C.R. 2.
 September 13, 1991: The case was continued on motion of the district attorney "pending the arrest of the [appellant]." C.R. 2.
 November 8, 1991: The case was again continued on motion of the district attorney "pending the arrest of the [appellant]." C.R. 2.
 December 12, 1991: The writ of arrest was issued for the appellant who, according to the case action summary entry, was "in prison in Bessemer, Alabama." C.R. 2.
 February 27, 1992: On motion of the state, this case was "withdrawn and filed with leave to reinstate." C.R. 2.
 July 2, 1992: The appellant, by pro se motion bearing this date, requested the production of certain documents. In this request, the appellant stated that he was incarcerated at the Ventress Correctional Facility in Clayton, Alabama. C.R. 10.
 August 3, 1992: In response to the appellant's request for the production of documents, the circuit court ordered that the appellant be sent copies of the affidavit, warrant of arrest, and indictment and that this cause be reinstated to the docket. The court also indicated that it would issue an order to return the appellant for the purpose of trial at the next term of court. C.R. 2, 11. A copy of that order was ordered sent to the appellant and the district attorney. C.R. 11.
 September 14, 1992: The case was continued on motion of the State "until November 2, 1992 term of court pending the arrest of the [appellant]." C.R. 2.
 October 26, 1992: The appellant was arrested and appeared before the circuit court where counsel was appointed to represent him. The appellant was arraigned and was granted five days to file any additional pleas or motions. C.R. 3.
 October 27, 1992: The appellant filed a request for discovery (C.R. 13) and a motion seeking dismissal of the indictment for failure to prosecute (C.R. 16).
 October 28, 1992: The motion to dismiss was denied. C.R. 3.
 October 30, 1992: The appellant filed a "motion to lower bond." C.R. 18.
 November 9, 1992: The appellant was tried and convicted. C.R. 4.
 December 16, 1992: The appellant was sentenced to five years' imprisonment. He was given credit for the 64 days he was incarcerated pending trial. C.R. 5. *Page 802 
 December 22, 1992: The appellant filed a "motion to waive stayed sentence." This was a request to "waive the benefit of the stayed sentence and place the Defendant's sentence in effect" due to the appellant's inability to make his appeal bond. C.R. 26. That motion was granted on December 30, 1992. C.R. 27.
 January 15, 1993: The appellant filed a "motion to suspend sentence and release defendant" on the ground that his mother was dying. C.R. 34. The record contains no ruling on this motion.
"Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101
(1972), is the yardstick by which any court must determine whether there was a denial of speedy trial in violation of theSixth Amendment to the United States Constitution." Ex parteSlaughter, 377 So.2d 632, 633 (Ala. 1979).
 "In Barker v. Wingo, the Supreme Court announced a four-part test to analyze a defendant's Sixth Amendment speedy trial claim. The test balances: (1) the length of the delay; (2) the reason for the delay; (3) whether and how the defendant asserted the speedy trial right; and (4) the amount of prejudice the defendant has suffered. This balancing test requires courts to consider speedy trial claims on a case-by-case basis, thereby allowing consideration of factors other than those present in Barker."
Project, Twenty-Second Annual Review of Criminal Procedure:United States Supreme Court and Courts of Appeals 1991-1992, 81 Geo.L.J. 853, 1171 (1993) (footnotes omitted).
In Alabama, "the speedy trial right is triggered by the issuance of a warrant of arrest, because this is when the prosecution is commenced under § 15-3-7, Code of Alabama 1975."Steeley v. City of Gadsden, 533 So.2d 671, 678 (Ala.Cr.App. 1988). In this case, the length of the delay from the appellant's original arrest on April 12, 1991, to trial was approximately 19 months, with a delay of approximately 16 months between indictment and trial. We consider this delay presumptively prejudicial so as to "trigger" an inquiry into the remaining Barker factors. See Beaver v. State,455 So.2d 253, 255 (Ala.Cr.App. 1984) (16-month delay presumptively prejudicial).
However, this 19-month delay is not sufficient in and of itself to warrant a finding that the appellant has been denied a speedy trial. "The delay or passage of time alone does not constitute the denial of a speedy trial." Kimberly v. State,501 So.2d 534, 538 (Ala.Cr.App. 1986).
 "Thus, for purposes of determining whether the defendant was denied his Sixth Amendment right to a speedy trial, we shall consider only the twenty-one month period between the reindictment in June of 1977 and the trial in March of 1979. 'Considering the lack of complexity of the factual and legal issues', this twenty-one month delay 'provides a sufficient springboard for inquiry into the other factors'. United States v. Edwards, 577 F.2d 883, 888 (5th Cir. 1978). Although this delay is excessive, it is not sufficient in itself to warrant a finding that the defendant has been denied the right to a speedy trial. 'There is no fixed length of time that is considered to be per se unreasonable. Andrews v. State, 370 So.2d 1070, 1072 (Ala.Cr.App.), cert. denied, 370 So.2d 1075
(Ala. 1979). Generally, the passage of time, standing alone, is not enough to justify a holding that the guarantee of a speedy trial has been violated. Barker, 407 U.S. at 533, 92 S.Ct. at 2193; Jones v. Morris, 590 F.2d 684, 686 (7th Cir. 1979). 'Although the length of the delay weighs against the state, it is not so "inordinately lengthy" as to weigh heavily against the State.' Jones, 590 F.2d at 686."
Wade v. State, 381 So.2d 1057, 1059 (Ala.Cr.App.), cert. denied, 381 So.2d 1062 (Ala. 1980).
In Beech v. State, 439 So.2d 1331 (Ala.Cr.App. 1983), this Court held:
 "Due to the nature of the state's case against the appellant, which was based primarily upon circumstantial evidence, and in comparing this 14 month delay to the delays in Byrd v. State, 421 So.2d 1344 (Ala.Cr.App. 1982), Cofer v. State, 440 So.2d 1116 (Ala.Cr.App. 1983), and Minnifield v. State, 439 So.2d 753 (Ala.Cr.App. 1983), we have concluded that the delay in this instances *Page 803 
was not 'presumptively prejudicial,' and that the appellant was not denied his right to a speedy trial. See, Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and the standards adequately discussed therein.
 "Furthermore, the appellant was on parole for grand larceny at the time of his arrest for public drunkenness on the morning of the murders. A revocation of his parole would have, undoubtedly, justified his incarceration for part, if not all, of the period between July 27, 1980, and the day of the trial. Appellant's trial delay complaints were grounded upon the alleged hardships of incarceration, but he made no specific claims and presented no evidence of any actual prejudice caused by the delay. See, Scaloni v. State, 383 So.2d 586 (Ala.Cr.App. 1980)."
Beech, 439 So.2d at 1334.
The record in this case is simply insufficient for this court to examine the totality of the circumstances surrounding the delay of the trial of the appellant.
The appellant's "Notice of Motion Seeking Order Dismissing Indictment for Failure to Prosecute" is not verified and contains the following allegations:
 "Now comes the Defendant, . . . and moves to dismiss the indictment in the above styled case for the following reasons:
 "1. The indictment against him was returned on August 1, 1991.
"2. He was arrested on April 12, 1991.
 "3. Due to the charge in the above styled case, his parole was revoked on August 14, 1991, on a Burglary II conviction which he had entered a plea of guilty to on February 2, 1983, Case No. CC 83-046, and he was subsequently returned to Ventress Correctional Facility [in Clayton, Alabama].
 "4. At all times since his arrest defendant has been ready for trial, 14 months have passed since the indictment was returned.
 "5. During the said 14 month delay a witness for the defense, Edward Whitlow, has passed away, unduly prejudicing the Defendant's right to a speedy and public trial as guaranteed by the Sixth Amendment of the United States Constitution.
 "WHEREFORE, defendant moves that the indictment herein be dismissed for unnecessary delay in bringing him to trial." R. 16-17.
In his appellate brief, the appellant alleges that he was prejudiced in four ways:
 "(1) [H]e lost the chance to have this sentence run concurrent[ly] with the time he had remaining to serve on his prior conviction; (2) a defense witness died during the delay; (3) he was denied admission [to] the work release program in prison; and (4) the delay caused him to be anxious in that he feared this case would not be resolved and he would not be released in order to be with his Mother in New Jersey prior to her death from terminal cancer." Appellant's brief at 16-17.
There is nothing in the record on appeal to support the first basis of prejudice advanced in the appellant's brief.
Although the death of a witness may constitute prejudice in determining whether a defendant was denied a speedy trial,Ex parte Blake, 469 So.2d 1301, 1304 (Ala. 1985), the record in this case contains no showing of the expected testimony that would allegedly have been provided by the deceased witness. While the appellant alleges in his motion to dismiss that the death of this witness was "unduly prejudic[ial]" (C.R. 16), he offers no support for that unsworn allegation. At trial the appellant testified that "a guy named Luther" (R. 58) or Whitlow was "sitting on the last porch of the project, right by the trailer," that he "wanted [Whitlow] to come to [his] trial and testify in [his] behalf as a witness," and that Whitlow's death "hurt [his] case." R. 64-65. That testimony is the only reference to the deceased witness's expected testimony. Without any indication of the substance of the expected testimony of the deceased witness, we have no means of determining the significance, if any, of that testimony.
In connection with the third basis of prejudice advanced in brief, the only evidence is the appellant's testimony at trial that "after I went down the road, I was going to pull work *Page 804 
release program and they told me that I couldn't make it because of this charge pending." R. 62.
In connection with the fourth basis of prejudice argued in brief, the appellant alleged in his "Motion to Suspend Sentence and Release Defendant" that his mother resides in New Jersey, that she has been diagnosed with terminal cancer, and that she has a life expectancy of five months. C.R. 34.
The record contains no hearing on or discussion of the appellant's motion to dismiss. We can only speculate as to the reasons for the delay or the actual prejudice suffered by the appellant. We have no indication of when the appellant was actually incarcerated following the revocation of his parole, although we may assume it was immediately, or upon his release from prison on his original conviction, as it appears he was.
"The motion [to dismiss] itself was unverified and was not accompanied by any supporting affidavits. Consequently, the assertions of counsel contained therein 'are bare allegations and cannot be considered as evidence or proof of the facts alleged.' " Arnold v. State, 601 So.2d 145, 154 (Ala.Cr.App. 1992). " 'Assertions of counsel in an unverified motion . . . are bare allegations and cannot be considered as evidence or proof of the facts alleged.' Smith v. State, 364 So.2d 1, 14
(Ala.Cr.App. 1978). See Daniels [v. State], 416 So.2d [760, 762 (Ala.Cr.App. 1982)]." Blount v. State, 557 So.2d 1333, 1335
(Ala.Cr.App. 1989).
An appellate court is "bound by what appears in the record before [it]. The appellant ' "bears the burden of bringing the record before an appellate court. He and his counsel have the duty of checking the record before submitting the appeal. It is their duty to file a corrected record." ' Welch v. State,455 So.2d 299, 300 (Ala.Cr.App. 1984) (quoting Harris v. State,420 So.2d 812, 816 (Ala.Cr.App. 1982))." Jordan v. State,607 So.2d 333, 335 (Ala.Cr.App. 1992). In this case, the appellant has not filed a motion to correct or to supplement the record.
For these reasons, we will not overturn the appellant's conviction on the ground that he was denied a speedy trial. "[T]he court in determining whether . . . [the accused's right to a speedy trial] has been violated is not required to go beyond the issue made by the parties and the evidence brought by them to the attention of the court." Billingsley v. State,367 So.2d 553, 556 (Ala.Cr.App. 1978), cert. denied,367 So.2d 557 (Ala. 1979).
 II.
The appellant contends that the evidence is insufficient to support his conviction because "the jury could have found that the pistol was already on the ground when the incident occurred." Appellant's brief at 22.
The State presented evidence that police officers approached the appellant and his cousin, Tyler Terrell Johnson, who were standing on a street corner drinking beer. The police observed the appellant hand a "dark object" to Johnson which Johnson then tossed on the ground. R. 11. Officers searched the area for the dark object and discovered a loaded .22 caliber pistol. The State also presented evidence that the appellant had a prior criminal conviction for burglary in the second degree. At trial, both the appellant and Johnson denied ownership or knowledge of the pistol.
Here, there was sufficient legal evidence to support the verdict of the jury.
 " ' "[C]ircumstantial evidence alone may be sufficient in conjunction with other facts and circumstances which tend to connect the accused with the commission of the crime to sustain a conviction." '
". . . .
 ". . . [C]ircumstantial evidence does not preclude the jury from determining a defendant's guilt or innocence. In Ex parte Davis, 548 So.2d 1041 (Ala. 1989), we stated that either circumstantial evidence or direct evidence may be used to prove the guilt of a defendant. Further, in reviewing the sufficiency of the evidence, we must view the circumstantial evidence in the light most favorable to the prosecution to determine whether the jury might reasonably have found that the evidence excluded every reasonable hypothesis except guilt. . . .
". . . . *Page 805 
 "The more specific test to be applied in reviewing the sufficiency of circumstantial evidence is not whether the evidence excludes every reasonable hypothesis except that of guilt, but whether the jury might reasonably so conclude. . . . Under this test, a jury verdict of guilt based solely on circumstantial evidence cannot be affirmed where the evidence reasonably supports an inference of innocence."
Ex parte Bailey, 590 So.2d 354, 356-57 (Ala. 1991). Here, the issue of whether the appellant was in possession of the pistol was one for the jury to resolve. See Dickerson v. State,517 So.2d 625, 626 (Ala.Cr.App. 1986), reversed on other grounds,517 So.2d 628 (Ala. 1987). "Conflicting evidence presented a question for the jury on the issue of defendant's guilt."Hunter v. State, 57 Ala. App. 651, 653, 331 So.2d 406, 408
(1976).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.