The appellant, Cornelius Jackson, was convicted of robbery in the first degree, a violation of § 13A-8-41, Code of Alabama 1975. He was sentenced to 35 years in prison.
The state's evidence tended to show that on July 11, 1991, Archie Wright was robbed while he was in his house in Bessemer, Alabama. Wright testified that he was resting on a cot in the front room of his house and that the door was open and the screen door was latched with a piece of wire when the appellant burst into the room with a gun and said, "Old man, give me that money." The appellant then tied Wright up, placed a rag in his mouth, took $650 that Wright had in his pocket, ripped the telephone cord out of the wall, and left.
 I
The appellant initially argues that the trial court erred in denying his motion to dismiss the case based on an alleged violation of his right to a speedy trial.
The United States Supreme Court in Barker v. Wingo,407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), set forth four factors to be weighed when determining whether an accused has been denied his constitutional right to a speedy trial. Those factors are: *Page 595 
(1) the length of the delay, (2) the reason for the delay, (3) the accused's assertion of his right to a speedy trial, and (4) the degree of prejudice suffered by the accused due to the delay.
When determining the length of the delay, time is measured from the date the arrest warrant was issued. State v. Anderson,640 So.2d 1061 (Ala.Cr.App. 1994); State v. Woods, 600 So.2d 425
(Ala.Cr.App. 1992). In this case the arrest warrant was issued on July 15, 1991. The trial was held approximately 25 months later on August 9, 1993. This court in Ingram v. State,629 So.2d 800, 802 (Ala.Cr.App. 1993), held that a 19-month delay was "presumptively prejudicial" and triggered an inquiry into the remaining factors articulated in Barker.
However, this court further stated in Ingram:
 "[T]his 19-month delay is not sufficient in and of itself to warrant a finding that the appellant has been denied a speedy trial. 'The delay or passage of time alone does not constitute the denial of a speedy trial.' Kimberly v. State, 501 So.2d 534, 538 (Ala.Cr.App. 1986)."
629 So.2d at 802.
Most of the delays in this case were the result of the filing of various motions by the appellant and his counsel, including a motion for the trial judge to recuse and a motion to withdraw filed by the appellant's attorney. It appears from the record that immediately before trial counsel was allowed to withdraw and new counsel was appointed to assist the appellant, who chose to proceed pro se. " 'Delays occasioned by the defendant or on his behalf are excluded from the length of delay and are heavily counted against the defendant in applying the balancing test of Barker.' " Zumbado v. State, 615 So.2d 1223, 1234
(Ala.Cr.App. 1993), quoting McCallum v. State, 407 So.2d 865,868 (Ala.Cr.App. 1981).
The appellant contends that he asserted his right to a speedy trial on February 20, 1992. However, his assertion is not supported by the record. The only motion contained in the record that addresses the right to a speedy trial is a motion stamped as received by the trial court on June 15, 1993. The appellant was tried less than two months after this motion was filed.
The appellant further contends that he was prejudiced by the delay because several potential witnesses had died before trial. His only argument in brief is that several potential alibi witnesses had died. There is absolutely no showing of what their testimony would have been. Further, when the court was hearing testimony on the appellant's motion to dismiss because he had allegedly been denied a speedy trial, the prosecution stated that it had never been notified that the appellant would present an alibi defense. As this court stated in Ingram:
 "Although the death of a witness may constitute prejudice in determining whether a defendant was denied a speedy trial, Ex parte Blake, 469 So.2d 1301, 1304 (Ala. 1985), the record in this case contains no showing of the expected testimony that would allegedly have been provided by the deceased witness."
629 So.2d at 803.
The appellant also contends that he was prejudiced because he was in prison while he awaited his trial. As this court stated in Kelley v. State, 568 So.2d 405 (Ala.Cr.App. 1990):
 "[T]he 15-month incarceration is 'not sufficiently long in and of itself to cause substantial prejudice to warrant a reversal. See Strunk v. United States, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973) (prolonged delay may subject incarcerated subject to emotional distress); United States v. Herman, 576 F.2d 1139
(5th Cir. 1978) (incarceration during 22-month delay not sufficiently oppressive).' Smelley v. State, 564 So.2d 74 (Ala.Cr.App. 1990) (emphasis in original (28-month delay and incarceration did not so prejudice accused as to warrant a reversal)."
568 So.2d at 410. Furthermore,
 "The record contains absolutely no evidence of any prejudice to [the appellant], and apart from the obvious detriments suffered by any defendant incarcerated prior to trial, see Barker v. Wingo, 407 U.S. at 532-33 [92 S.Ct. at 2193], we cannot assume *Page 596 
that he was harmed from the delay here."
Beaver v. State, 455 So.2d 253, 255 (Ala.Cr.App. 1984).
After evaluating the factors in Barker, we conclude that the appellant was not denied his constitutional right to a speedy trial. The court did not err in denying the appellant's motion to dismiss.
 II
The appellant next contends that his counsel's performance was ineffective because, he says, counsel waived the appellant's preliminary hearing without the appellant's knowledge or consent.
Initially, we note that the appellant did not present the issue of ineffective assistance of counsel before this appeal. The Alabama Supreme Court in Ex parte Jackson, 598 So.2d 895,897 (Ala. 1992), stated:
 "[W]e will not make exception to the rule that a claim of ineffective assistance of counsel may not be considered on appeal if it was not first presented to the trial court."
The Alabama Supreme Court in Jackson also held that if an accused is represented by different counsel on appeal than at trial, appellate counsel will be granted more time to raise a claim of ineffective assistance of counsel on direct appeal.
Furthermore, the case action summary states: "The defendant appeared in open court with his attorney . . . and waived preliminary and was ordered held under $30,000 bond to await the action of the Grand Jury."
 III
The appellant further asserts that the trial court erred in failing to suppress the victim's in-court identification of the appellant because, he says, the photographic lineup was not correctly authenticated. Here, the officer who conducted the initial photographic lineup had died and the victim was shown another photographic lineup by another officer who testified at trial. Specifically, the appellant contends that the second photographic lineup was incorrectly received into evidence because the victim testified that the officer conducting the lineup showed him four photographs and the officer testified that he showed the victim six photographs.
The record reflects that the officer who conducted the initial lineup died before trial. The officer who took over the investigation of the case brought the photographic lineup contained in the file to the victim so that he could identify the robber. He identified the appellant and told the officer that when he was first shown the lineup he had signed the back of the photographic lineup card. The dispute over the number of photographs in the lineup did not result in the in-court identification being inadmissible.
This court has said that
 " '[w]hen an in-court identification of the accused is shown to have a basis independent of any pre-trial identification, then it is properly admitted into evidence.' Mullis v. State, 545 So.2d 205, 209 (Ala.Cr.App. 1989); see also Coleman v. State, 487 So.2d 1380 (Ala.Cr.App. 1986), cert. denied, 499 U.S. 911, 111 S.Ct. 1118, 113 L.Ed.2d 227 (1991); Jackson v. State, 414 So.2d 1014
(Ala.Cr.App. 1982); Matthews v. State, 401 So.2d 241
(Ala.Cr.App. 1981), cert. denied, 401 So.2d 248
(Ala. 1981). The identification is correctly received into evidence when it 'stems from an independent source rather than the photographic lineup.' Hutchinson v. State, 516 So.2d 889, 893
(Ala.Cr.App. 1987). 'Reliability is the linchpin in determining the admissibility of identification testimony.' Mullis, 545 So.2d at 209."
Jenkins v. State, 627 So.2d 1034, 1047 (Ala.Cr.App. 1992), aff'd, 627 So.2d 1054 (Ala. 1993).
Here, the victim testified that he had known the appellant for 13 years before the robbery and that he immediately recognized the appellant when he entered his house. The victim's identification of the appellant had a source independent of any pre-trial photographic lineup and was correctly received into evidence.
 IV
The appellant further contends that the court erred in failing to grant his motion *Page 597 
for a mistrial because, he argues, several of the jurors saw him being brought into the courtroom in handcuffs. He contends that this prejudiced him and that he is therefore entitled to a new trial.
 " 'It is not a ground for a mistrial that the accused appeared before the jury in handcuffs when this appearance was only a part of going to and from the courtroom.' Justo v. State, 568 So.2d 312, 318 (Ala.Cr.App. 1990), quoting Cushing v. State, 455 So.2d 119, 121 (Ala.Cr.App. 1984). 'Where there has been only a brief and inadvertent confrontation between a shackled person and one or more members of the jury, this is likely to be viewed as an insufficient showing of prejudice to require the reversal of a conviction.' 3 LaFave and Israel, Criminal Procedure § 23.2(d) (1984)."
Hutcherson v. State, [Ms. CR-92-925, May 27, 1994] ___ So.2d ___, ___ (Ala.Cr.App. 1994).
 V
The appellant further asserts that the court erred in failing to dismiss the indictment because, he says, the state failed to comply with a discovery order. Specifically, he contends that the state's failure to furnish him with a copy of the photographic lineup until two weeks before the trial began denied him his right to a fair trial.
The appellant did not demonstrate with sufficient particularity how the state's action prejudiced him. For the reasons stated in part III of this opinion, evidence of the victim's identification was correctly received into evidence independent of the photographic lineup.
The appellant further contends that the court erred in failing to grant his motion to dismiss because, he says, the state failed to furnish him with a witness list. This information is not discoverable under Rule 16.1(e), Ala.R.Crim.P.
The trial court correctly denied the appellant's motion to dismiss.
 VI
Appellate counsel also raises several issues for which he states that he can find no legal authority but which he raises because the appellant raised them below.
Initially, the appellant contends that the judge erred in failing to recuse and in failing to force the prosecutors from the district attorney's office to recuse themselves. As the state correctly points out in its brief, one judge did recuse himself. Further, the appellant gives no reason why the prosecutors from the district attorney's office should have recused themselves.
The appellant last contends that the state failed to provide him with discovery and that that failure violated his constitutional rights. However, he has failed to state what discovery he was denied. The appellant has failed to show how the state violated the discovery order.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.