The appellant, Douglas Kimbrell, was convicted of escape in the first degree, a violation of § 13A-10-31, Code of Alabama 1975. He was sentenced to life imprisonment in the penitentiary pursuant to the Habitual Felony Offender Act.
The state's evidence tended to show that on June 5, 1990, the appellant escaped from the Elmore County Correctional Facility while serving a 15-year sentence for receiving stolen property in the second degree. He escaped while on a work release with the City of Wetumpka Parks and Recreation Department. On April 26, 1993, he was arrested in Yuma, Arizona, and was returned to Alabama.
The appellant raises four issues on appeal.
 I
The appellant first contends that the trial court erred in denying him a speedy trial in violation of the Sixth Amendment to the United States Constitution.
The United States Supreme Court in Barker v. Wingo,407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), set forth four factors to be weighed in determining whether an accused has been denied his constitutional right to a speedy trial. Those factors are: (1) the length of the delay, (2) the reason for the delay, (3) the accused's assertion of his right to a speedy trial, and (4) the degree of prejudice suffered by the accused due to the delay. *Page 1041 
In determining the length of the delay, time is measured from the date the arrest warrant was issued. Jackson v. State,650 So.2d 593 (Ala.Cr.App. 1994). In this case, the appellant escaped from custody on June 5, 1990. A writ of arrest was issued on July 3, 1990. The appellant was arrested on April 26, 1993, in Yuma, Arizona. His trial began on May 16, 1994. Under the measure of delay in Barker, the delay in this case was approximately 3 years and 10 months. This court has held delays of 19 months to be "presumptively prejudicial," and to prompt an inquiry into the remaining factors in Barker. Jackson, 650 So.2d at 595; Ingram v. State, 629 So.2d 800, 802
(Ala.Cr.App. 1993). Therefore, we must look at the reasons for the delay.
A delay of almost three years in this case was due to the appellant's voluntary absence from this jurisdiction as a result of his escape and flight. " 'Delays occasioned by the defendant or on his behalf are excluded from the length of delay and are heavily counted against the defendant in applying the balancing test of Barker.' " Zumbado v. State,615 So.2d 1223, 1234 (Ala.Cr.App. 1993), quoting McCallum v. State,407 So.2d 865, 868 (Ala.Cr.App. 1981). Therefore, the appellant's actual delay from capture to trial was approximately 13 months.
The record reflects that the appellant first asserted his right to a speedy trial by filing an "Official Notice and Request for a Speedy Disposition" on July 15, 1993. However, the record also reflects that this case was continued twice, first on October 26, 1993, upon a motion to continue filed by the appellant, and again on January 4, 1994, because the appellant's trial counsel was ill. The record reflects no evidence of any intentional delay on the part the state in order to gain a tactical advantage. The appellant's trial was delayed primarily by the appellant's own actions.
Furthermore, the appellant has failed to show how he was prejudiced by the delay. Barker set out three interests that the right to speedy trial was intended to protect and by which the level of prejudice is to be measured: (1) "to prevent oppressive pretrial incarceration"; (2) "to minimize anxiety and concern of the accused"; and (3) "to limit the possibility that the defense will be impaired," Barker, 407 U.S. at 532,92 S.Ct. at 2193, 33 L.Ed.2d at 118. The appellant was serving a 15-year sentence for a previous felony when he escaped, so any pretrial incarceration could not be considered prejudicial. Furthermore, he has not shown how his defense was impaired by any delay. In fact, he did not present any evidence at trial.
After evaluating the factors in Barker, we conclude that the appellant was not denied his constitutional right to a speedy trial. The appellant cannot escape and evade capture for almost three years and then argue that by doing so he was denied his right to a speedy trial.
 II
The appellant next contends that the trial court erred by overruling his objection to certain testimony by Roger Littleton, assistant director of the central records department at the Alabama Department of Corrections.
Littleton took the stand holding a stack of papers approximately two inches thick, which he stated were the appellant's records from the department of corrections. The appellant objected, alleging that the presence of the records was prejudicial. The trial court overruled the appellant's objection, stating that merely holding papers was not prejudicial and did not imply anything improper to the jury.
"The trial judge is vested with discretion in the conduct of a trial and this court will not interfere in the absence of abuse." Brandon v. State, 542 So.2d 1316, 1320
(Ala.Cr.App. 1989). We hold that the trial court did not abuse its discretion in overruling the appellant's objection to the witness holding the records while on the witness stand.
 III
The appellant next contends that the trial court erred by granting the state's motion in limine seeking to prevent the appellant from presenting evidence of duress.
The record reflects that the trial court never ruled on the motion in limine. *Page 1042 
The appellant was allowed to cross-examine all of the state's witnesses as to whether the appellant was under duress when he escaped. However, after the state presented its case-in-chief, the appellant stated that he did not intend to present any evidence of duress. The court then ruled that it would not instruct the jury on duress and that it would not allow the appellant to argue duress in his closing argument. The court based its ruling on Mayes v. State, 453 So.2d 767, 769
(Ala.Cr.App. 1984), an escape case in which this court stated:
 "Appellant also contends that the court erred in refusing to give his written requested instructions on the issue of duress. Suffice it to say that in order to claim the very narrow and limited defense of duress, the defendant must prove that he surrendered himself to the proper authorities after attaining a position of safety with reference to the threatened harm. There is no evidence of surrender in this case and consequently the court could not have legally charged the jury on the issue of duress."
In this case, the appellant disappeared for almost three years following his escape. Also, the testimony was undisputed that there was no evidence that the appellant was under any duress. The trial court correctly ruled that the appellant waived any argument of duress by his three-year absence.
 IV
The appellant last contends that the trial court erred by finding him competent to stand trial. More specifically, he contends that the trial court erred by denying his "motion for mental evaluation and of psychiatrist."
In Murphy v. State, 596 So.2d 42, 44 (Ala.Cr.App. 1991), writ denied, 596 So.2d 45 (Ala.), cert. denied, ___ U.S. ___,113 S.Ct. 86, 121 L.Ed.2d 49 (1992), this court stated:
 " 'A presumption of competency attends a witness.' Smith v. State, 380 So.2d 345
(Ala.Cr.App. 1980). ' "The court must, by examination, decide upon the capacity of on alleged to be incompetent from idiocy, lunacy, insanity, drunkenness, or infancy." It has been held that a trial judge's ruling on this question stands on appeal unless there is strong evidence of an abuse of sound discretion.' C. Gamble, McElroy's Alabama Evidence, § 92.01(2) (4th ed. 1991), quoting § 12-21-165(6), Code of Alabama 1975. 'The burden of proving the incompetency of a witness is upon the party objecting.' Smith v. State, 380 So.2d at 348."
The appellant did not file this motion until the day of trial and he did not present any evidence to the court of alleged incompetency or past mental illness. Furthermore, the trial court noted:
 "With regards to defense counsel's exception to the Court's ruling on the motion for mental evaluation and appointment of a psychiatrist, the Court would be remiss if I didn't observe for the record that the Defendant Kimbrell participated rather actively with his defense counsel and cooperated with him during the trial of the case. The Court observed during trial that the defendant conducted himself in a manner that the Court would expect of someone who is mentally competent to stand trial and mentally competent to assist his attorney in the defense. There was constant communication between them and references there. There hasn't been any further problems presented to the Court or noted by the Court during the actual trial of the case that would indicate in the slightest degree that the defendant has some kind of problem or psychiatric problem that prevented a fair and impartial trial to be given to the defendant in his current mental state. Of course, that's as much as the Court can observe from just what I have seen, and I don't think that the motion was raised properly nor that the grounds are sufficient even on revisiting that issue at this point in time for the defendant to be granted that relief."
We hold that the trial court did not abuse its discretion in denying the appellant's motion. "A defendant does not have a right to a mental examination whenever he requests one."Soriano v. State, 527 So.2d 1367, 1369 (Ala.Cr.App. 1988), quoting Blevins v. State, 516 So.2d 914, 915 (Ala.Cr.App. 1987). *Page 1043 
For the foregoing reasons, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.