Rel: May 3, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2023-2024

———————————

## CR-2023-0495

———————————

## Ex parte State of Alabama

## PETITION FOR A WRIT OF MANDAMUS

## (In re: State of Alabama

## v.

## Shekelia Katrice Wilson)

## Montgomery Circuit Court No. CC-2014-295

COLE, Judge.

The District Attorney for the Fifteenth Judicial Circuit filed this petition for a writ of mandamus requesting that this Court direct Judge Cleophus "J. R." Gaines, Jr., to set aside that portion of his July 10, 2023,

order waiving the 30 percent collection fee imposed on Shekelia Katrice Wilson pursuant to § 12-17-225.4, Ala. Code 1975.

According to the petition, on March 3, 2014, a Montgomery County Grand Jury indicted Wilson for first-degree assault, see § 13A-6-20, Ala. Code 1975. On April 4, 2014, Wilson pleaded guilty to second-degree assault, a violation of § 13A-6-21, Ala. Code 1975, and was sentenced to 15 years in prison; that sentence was split and Wilson was ordered to serve 3 years in prison, followed by 5 years of supervised probation. As part of the sentence imposed upon Wilson, she was ordered to pay restitution. The State alleges that Wilson failed to make restitution payments between October 2016 and February 2021. The case was therefore turned over to the District Attorney's Restitution Recovery Division pursuant to § 12-17-225.2, Ala. Code 1975, for the collection of the unpaid restitution and imposition of the 30 percent collection fee imposed pursuant to § 12-17-225.4.

After a hearing was held regarding the fee, the circuit court entered the following order in Wilson's case: "Defendant ordered to pay

Restitution first. The D999 collection fee is waived."[1] (State's petition,

Ex. A.) The State then filed this mandamus petition requesting that this

Court direct the circuit court to reinstate the collection fee.

This Court has held on many occasions that

"'[m]andamus is an extraordinary remedy and will be granted only where there is "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court." Ex parte Alfab, Inc., 586 So. 2d 889, 891 (Ala. 1991).'"

Ex parte Reno, 360 So. 3d 1112, 1114 (Ala. Crim. App. 2022) (quoting Ex

parte Ocwen Fed. Bank, FSB, 872 So. 2d 810, 813 (Ala. 2003)). To prove

these factors, it is imperative that the petitioner provide this Court with

a complete record of the proceedings below and the documents that the

circuit court may have considered in reaching the ruling that is being

contested. Wilson's answer to the State's petition correctly argues that a

petitioner "'has the burden of presenting a record containing sufficient

evidence to show error by the circuit court.' Mims v. First Citizens Bank,

913 So. 2d 1098, 1102 (Ala. Civ. App. 2005)." (Wilson's answer, p. 5.)

---

[1] The "D999 collection fee" is the "collection fee of 30 percent of the funds due" imposed pursuant to § 12-17-225.4.

3

Wilson further asserts that the State failed to include an appendix containing all the matters relevant to the circuit court's decision, as required by the Alabama Rules of Appellate Procedure, so that this Court can determine whether all prerequisites for obtaining mandamus relief have been met.

The State's petition includes a brief with arguments and citations to authorities. The State makes several arguments regarding the mandatory nature of the collection fee, rules of statutory construction that support the State's argument, and why a circuit court is not, according to the State, authorized to waive the restitution recovery fee. But this Court must first determine whether the petition contains sufficient information to allow this Court to determine the merits of the petition. Rule 21(a)(1)(F), Ala. R. App. P., states, in part, that a "petition shall contain":

> "An appendix including copies of all parts of the record that are essential to understanding the matters set forth in the petition, such as the order or orders of which the petitioner seeks review, all court filings (by any party) directly connected to the order or orders, and any transcripts of proceedings that resulted in the order or orders."

As noted in the petitioner's "Index to Exhibits," the petitioner's appendix includes only two documents: (1) the circuit court's "order waiving

4

collection fee," and (2) the "Attorney General Opinion No 2023-018." (State's petition, p. ii.)

The documents that a petitioner is required to include in the appendix to a petition for a writ of mandamus are affected by the nature of the issue or issues raised in the petition. The State correctly asserts that the assessment of the collection fee pursuant to § 12-17-225.4, Ala. Code 1975, is mandatory, but certain prerequisites must be met before imposition of that fee can be enforced. Section 12-17-225.4, Ala. Code 1975, states that, "[a]fter a matter has been transferred to a district attorney under Section 12-17-225.2, a court shall assess a collection fee of 30 percent of the funds due which shall be added to the amount of funds due." The State requests that this Court order the circuit court to set aside the part of its order waiving the 30 percent fee required by § 12-17-225.4, but the State does not consider the effect that the statute's reference to § 12-17-225.2, Ala. Code 1975, has on the disposition of this petition.

Section 12-17-225.2 includes the following requirements:

> "The court or the clerk of the court shall notify the district attorney in writing when any bail bond forfeitures, court costs, fines, penalty payments, crime victims' restitution, or victims' compensation assessments or like

payments in any civil or criminal proceeding ordered by the court to be paid to the state or to crime victims have not been paid or are in default and the default has not been vacated. Upon written notification to the district attorney, the restitution recovery division of the office of the district attorney may collect or enforce the collection of any funds that have not been paid or that are in default which, under the direction of the district attorney, are appropriate to be processed. In no event shall a court or court clerk notify the district attorney in less than 90 days from the date the payments are due."

If the factors outlined in § 12-17-225.2 are not considered, the prosecuting authority would be able to impose additional fees against a criminal defendant unfettered by any judicial restraint. Section 12-17-225.2 limits imposition of the 30 percent restitution-recovery fee to situations in which the "court [that imposed the unpaid fees, costs or restitution] or the clerk of the court" has notified "the district attorney in writing" that there is a deficiency. The district attorney is only allowed to collect "funds that have not been paid" and the appropriate fees that result from the failure to make payments as ordered by the court. Furthermore, notice cannot be given, and fees cannot be assessed, on payments that are "less than 90 days from the date the payments are due to be paid in full." § 12-17-225.2, Ala. Code 1975. If contested, these prerequisites are to be determined by the judge who presided over the individual's case,

6

not by the "restitution-recovery division" of the district attorney's office. If any of the factors required by § 12-17-225.2 are not established, then the imposition of a restitution-recovery fee would be inappropriate, and a circuit court would not be in error if it decided to waive or set aside the restitution-recovery fee.

For this Court to determine whether the State is entitled to relief, the record before this Court would need to reflect that the requirements of § 12-17-225.2 have been met. Yet, the record before this Court does not include an order stating the amount of money that Wilson was instructed to pay or the frequency of the ordered payments; it does not include any of Wilson's payment history; and it does not include the written notice that must be sent to the district attorney before the restitution-recovery process can begin. These documents "are essential to understanding the matters set forth in the petition." Rule 21(a)(1)(F), Ala. R. App. P. The petition also asserts that a "payment-review" hearing was held and that the State objected to the circuit court's ruling "on the record." (State's petition, p. 5.) As previously noted, Rule 21(a)(1)(F), Ala. R. App. P., specifically requires that the appendix to a petition for a writ of mandamus include "any <u>transcripts</u> of proceedings that resulted

7

in the order or orders," but a transcript of the "payment-review" hearing is not included in the appendix to the petition.

In what appears to be an attempt to establish a factual basis to prove that the restitution-recovery fee was properly imposed, the State's petition alleges as follows:

> "On March 3, 2016, the defendant pleaded guilty to one count of Assault in the Second Degree, a Class C felony, in violation of Ala. Code § 13A-6-20. As part of her sentence, the defendant was ordered to pay court costs, attorneys fees, and restitution totaling $25,736.00. The defendant was instructed to make payments to the circuit clerk's office every month. The defendant never made a payment towards the amount owed. In 2021, the case was turned over to the District Attorney's Office for collection and a 30% collection fee of $7,645.80 was assessed to the balance owed pursuant to Ala. Code § 12-17-225.4.

> "On July 6, 2023, the defendant appeared before the trial court, Circuit Judge J.R. Gaines, for a payment review. At that hearing, the court waived the collection fee assessed under section 12-17-225.4. The State objected on the record but the trial court still waived the collection fee."

(State's petition, pp. 5-6.) Yet, neither the petition nor the appendix to the petition provide evidence that any of these assertions by counsel for the petitioner are correct. It is well established that, in the circuit court and before this Court, "the assertions of counsel are not evidence." Calhoun v. State, 261 So. 3d 457, 477 (Ala. Crim. App. 2016). The need

8

for evidence to support a mandamus petition, rather than the mere assertions of counsel, is highlighted by one difference between the petition for writ of mandamus filed by the Montgomery County District Attorney and the amicus curiae brief filed by the Alabama District Attorney's Association in support of the petition. The mandamus petition asserts that Wilson "never made a payment towards the amount owed," but the amicus curiae brief asserts that Wilson made five payments. (Compare State's petition, p. 5, with Amicus Curiae brief, p. 4.) Without an accurate payment history, this Court cannot determine whether the circuit court erred in waiving the restitution-recovery fee.

The amicus curiae brief accepted by this Court attempts to supplement the factual assertions included in the State's petition by referencing information contained in Alacourt, the computer system that maintains the records of the Alabama trial courts. Yet, when counsel in previous cases have attempted to establish an evidentiary basis for an assertion before this Court by referencing Alacourt, this Court has refused to accept those assertions when "the records from Alacourt are not in the record on appeal. '"This Court is bound by the record on appeal and cannot consider facts not contained in the record."'" Iervolino v.

State, [Ms. CR-21-0283, Aug. 18, 2023] \_\_\_ So. 3d \_\_\_, \_\_\_ (Ala. Crim.

App. 2023) (quoting McCary v. State, 93 So. 3d 1002, 1008 (Ala. Crim.

App. 2011), quoting in turn Morrow v. State, 928 So. 2d 315, 320 n.5 (Ala.

Crim. App. 2004)).

> "'An appellate court is "bound by what appears in the record before [it]. The [petitioner] '"bears the burden of bringing the record before an appellate court. [The petitioner has] the duty of checking the record before submitting the [petition]. It is their duty to file a corrected record."' Welch v. State, 455 So. 2d 299, 300 (Ala. Cr. App. 1984) (quoting Harris v. State, 420 So. 2d 812, 816 (Ala. Cr. App. 1982))." Jordan v. State, 607 So. 2d 333, 335 (Ala. Cr. App. 1992). In this case, the [petitioner] has not filed a motion to correct or to supplement the record.'"

Allison v. State, 645 So. 2d 358, 360 (Ala. Crim. App. 1994) (quoting

Ingram v. State 629 So. 2d 800, 804 (Ala. Crim. App. 1993)). Therefore,

this Court will not consider the references to Alacourt in the amicus brief

as evidence indicating that the petition is due to be granted.

Because the petition and its appendix do not include sufficient

information to allow this Court to determine whether the petitioner has

a "clear legal right" to the relief sought or whether the circuit court had

an "imperative duty" to allow the restitution recovery fee, the State's

petition for writ of mandamus is due to be, and is hereby, denied.

PETITION DENIED.

Kellum, J., concurs.  McCool, J., concurs in the result, with opinion, which Windom, P.J., joins.  Minor, J., concurs in the result.

McCOOL, Judge, concurring in the result.

The district attorney for the Fifteenth Judicial District (hereinafter referred to as "the State") has filed a petition for a writ of mandamus requesting that this Court direct Judge J.R. Gaines, Jr., to vacate an order waiving the 30 percent collection fee that, pursuant to § 12-17-225.4, Ala. Code 1975, should have been imposed on the restitution and other fees owed by Shekelia Katrice Wilson. The main opinion explains that this Court has chosen to deny the State's petition based on its failure to comply with Rule 21, Ala. R. App. P. I agree with the decision to deny the State's petition, but I do not agree with all of the main opinion's reasons for doing so, and I write to explain why I believe some of the main opinion's reasoning is flawed. I also take this opportunity to explain why I believe the circuit and district courts do not have the discretion to waive the 30 percent collection fee at issue in this case.

The State's petition contends that in 2016 Wilson pleaded guilty to second-degree assault, see § 13A-6-21, Ala. Code 1975, and that, as part of her sentence, she was ordered to pay restitution. However, according to the State, Wilson "never made a payment towards the amount owed," and, as a result, in 2021 "the case was turned over to the District

Attorney's Office for collection and a 30 percent collection fee of $7,645.80 was assessed to the balance owed pursuant to § 12-17-225.4." (Petition, p. 5.) The State further contends that, on July 6, 2023, Wilson appeared before Judge Gaines "for a payment review"; that, at that hearing, Judge Gaines "waived the collection fee assessed under § 12-17-225.4"; that the State "objected on the record but [Judge Gaines] still waived the collection fee"; and that, on July 10, 2023, Judge Gaines "issued a written order waiving the collection fee." (Petition, pp. 5-6.) The State included with its petition two exhibits: (1) an opinion from the Attorney General stating that a court does not have the authority to waive the 30 percent collection fee required by § 12-17-225.4 and (2) Judge Gaines's July 10, 2023, order, which states: "Defendant ordered to pay restitution first. The D999 collection fee is waived." (Petition, Exhibit A.)

The sole issue raised by the State's petition is whether Judge Gaines had the authority to waive the 30 percent collection fee required by § 12-17-225.4. The State argues that Judge Gaines did not have that authority and that, as a result, it is entitled to a writ of mandamus directing him to vacate his July 10, 2023, order waiving that fee. Thus,

13

before going any further with my analysis, it is important to understand the two statutes that are at issue.

Section 12-17-225.2, Ala. Code 1975, states:

"The court or the clerk of the court shall notify the district attorney in writing when any bail bond forfeitures, court costs, fines, penalty payments, crime victims' restitution, or victims' compensation assessments or like payments in any civil or criminal proceeding ordered by the court to be paid to the state or to crime victims have not been paid or are in default and the default has not been vacated. Upon written notification to the district attorney, the restitution recovery division of the office of the district attorney may collect or enforce the collection of any funds that have not been paid or that are in default which, under the direction of the district attorney, are appropriate to be processed. In no event shall a court or court clerk notify the district attorney in less than 90 days from the date the payments are due to be paid in full."

Section 12-17-225.4 states, in relevant part: "After a matter has been transferred to a district attorney under Section 12-17-225.2, a court shall assess a collection fee of 30 percent of the funds due which shall be added to the amount of funds due."

In denying the State's petition, the main opinion correctly notes that Rule 21(a)(1)(F), Ala. R. App. P., requires a petitioner seeking a writ of mandamus to provide this Court with

"[a]n appendix including copies of all parts of the record that are essential to understanding the matters set forth in the

14

petition, such as the order or orders of which the petitioner seeks review, all court filings (by any party) directly connected to the order or orders, and any transcripts of proceedings that resulted in the order or orders."

The main opinion then goes on to deny the State's petition on the basis that the State has failed to comply with Rule 21(a)(1)(F). In support of its decision, the main opinion states:

"Section 12-17-225.2 limits imposition of the 30 percent restitution-recovery fee to situations in which the 'court [that imposed the unpaid fees, costs or restitution] or the clerk of the court' has notified 'the district attorney in writing' that there is a deficiency. The district attorney is only allowed to collect 'funds that have not been paid' and the appropriate fees that result from the failure to make payments as ordered by the court. Furthermore, notice cannot be given, and fees cannot be assessed, on payments that are 'less than 90 days from the date the payments are due to be paid in full.' § 12-17-225.2, Ala. Code 1975. If contested, these prerequisites are to be determined by the judge who presided over the individual's case, not by the 'restitution-recovery division' of the district attorney's office. If any of the factors required by § 12-17-225.2 are not established, then the imposition of a restitution-recovery fee would be inappropriate, and a circuit court would not be in error if it decided to waive or set aside the restitution-recovery fee.

"For this Court to determine whether the State is entitled to relief, the record before this Court would need to reflect that the requirements of § 12-17-225.2 have been met. Yet, the record before this Court does not include an order stating the amount of money that Wilson was instructed to pay or the frequency of the ordered payments; it does not include any of Wilson's payment history; and it does not include the written notice that must be sent to the district

15

> attorney before the restitution-recovery process can begin. These documents 'are essential to understanding the matters set forth in the petition.' Rule 21(a)(1)(F), Ala. R. App. P. The petition also asserts that a 'payment-review' hearing was held and that the State objected to the circuit court's ruling 'on the record.' (State's petition, p. 5.) As previously noted, Rule 21(a)(1)(F), Ala. R. App. P., specifically requires that the appendix to a petition for a writ of mandamus include 'any transcripts of proceedings that resulted in the order or orders,' but a transcript of the 'payment-review' hearing is not included in the appendix to the petition."

___ So. 3d at ___ (emphasis added).

I disagree with the main opinion's conclusion that, in order to grant the State relief in this case, the materials presented to this Court "would need to reflect that the requirements of § 12-17-225.2 have been met." Section 12-17-225.2 sets forth requirements that must be met before a matter regarding court-ordered payments -- in this case, restitution -- is transferred to the district attorney. Section 12-17-225.4, on the other hand, provides that a 30 percent collection fee shall be imposed after such a matter has been transferred to the district attorney. In this case, whether the matter of Wilson's restitution was transferred to the district attorney, or whether it was properly transferred, is not at issue. Indeed, nowhere in her answer to the State's petition does Wilson allege that the matter was not transferred to the district attorney or that it was not

16

properly transferred, and the fact that Judge Gaines waived the 30 percent collection fee is evidence that the transfer occurred, as it would be have been nonsensical for him to "waive" a fee that could not have been assessed in the first place unless the transfer had occurred.[2] Instead, the only issue before this Court is whether Judge Gaines had the discretion to waive that fee once the transfer occurred. Thus, contrary to the main opinion's conclusion, this Court does not need materials "reflect[ing] that the requirements of § 12-17-225.2 have been met" in order to grant the State relief in this case. Rule 21(a)(1)(F) requires that a petition for a writ of mandamus include materials "that are essential to understanding <u>the matters set forth in the petition</u>," not materials that have no bearing on the issue at hand. (Emphasis added.)

I do agree, however, with the main opinion's conclusion that the State's failure to provide a transcript of the July 6, 2023, hearing is fatal to its petition. It is well settled that, to obtain mandamus relief, a

---

[2]Wilson notes in her petition that the State failed to provide this Court with materials <u>showing</u> that the requirements for transfer set forth in § 12-17-225.2 were met, but she does not allege that those requirements were, in fact, not met. Instead, Wilson's argument is clearly nothing more than an attempt to urge this Court to invoke Rule 21(a)(1)(F) as a basis for denying the State's petition.

17

petitioner must demonstrate that there was "'"an imperative duty upon the respondent to perform, accompanied by a refusal to do so."'" Ex parte Reno, 360 So. 3d 1112, 1114 (Ala. Crim. App. 2022) (quoting Ex parte Ocwen Fed. Bank, FSB, 872 So. 2d 801, 813 (Ala. 2003), quoting in turn Ex parte Alfab, Inc., 586 So. 2d 889, 891 (Ala. 1991)). Thus, to obtain relief in this case, the State would need to show not only that Judge Gaines did not have the authority to waive the 30 percent collection fee but also that the State made that argument to him and that he refused to vacate his order waiving that fee. However, because the State did not provide this Court with a transcript of the July 6, 2023, hearing, there is no evidence indicating that the State ever objected to Judge Gaines's action. The only indication that the State raised such an objection is the State's allegation to that effect in its petition, but that allegation is not evidence. Calhoun v. State, 261 So. 3d 457, 477 (Ala. Crim. App. 2016). I assume, of course, that the State raised such an objection because otherwise we would not be here. However, our appellate jurisdiction is clear that we cannot "assume" evidence that is not contained in the materials presented to us. Thus, given the lack of a transcript of the July 6, 2023, hearing, this Court cannot say that Judge Gaines had "an

18

imperative duty … to perform, <u>accompanied by a refusal to do so</u>." <u>Ex parte Reno</u>, 360 So. 3d at 1114 (emphasis added; citations omitted).

In short, I agree with the main opinion's denial of the State's petition, but, unlike the main opinion, I would deny the petition based <u>solely</u> on the State's failure to provide this Court with a transcript of the July 6, 2023, hearing. Although it is always best to attach as much information as possible to a mandamus petition, the fact that the State did not provide this Court with any materials "reflect[ing] that the requirements of § 12-17-225.2 have been met" is of no significance in this case and, contrary to the main opinion's conclusion, does not provide a basis for denying the State's petition. Thus, I concur in the result only.

Although I believe that the State's petition is due to be denied in this case on procedural grounds, I take this opportunity to point out that the circuit and district courts do <u>not</u> have the authority to waive the 30 percent collection fee required by § 12-17-225.4. As noted, § 12-17-225.4 states, in relevant part: "After a matter has been transferred to a district attorney under Section 12-17-225.2, a court <u>shall</u> assess a collection fee of 30 percent of the funds due which shall be added to the amount of funds due." (Emphasis added.) "The word 'shall' is considered presumptively

19

mandatory unless something in the character of the provision being construed requires that it be considered differently." Hornsby v. Sessions, 703 So. 2d 932, 939 (Ala. 1997). Nothing in § 12-17-225.4 indicates that the Alabama Legislature intended for the phrase "shall assess," as used in that statute, to have any effect other than making the imposition of the 30 percent collection fee a mandatory duty to be performed by the court. In fact, § 12-17-225, Ala. Code 1975, states, in relevant part:

> "It is the purpose of this legislation to ensure that court-ordered restitution to crime victims, victim compensation assessments, bail bond forfeitures, court costs required by law, fines levied against criminals for wrongful conduct, and other court-ordered sums payable to the state or to the crime victims be paid in full and that cost of collection be borne by the person who is responsible for payment."

(Emphasis added.) Thus, to conclude that a court has the discretion to waive the 30 percent collection fee required by § 12-17-225.4 would require this Court to ignore not only the legislature's use of the phrase "shall assess" in that statute but also the legislature's express intent in enacting that statute.

I acknowledge Wilson's argument that Rule 26.11(h)(5), Ala. R. Crim. P., provides that, "[i]f the defendant fails to pay a fine and/or

restitution, the court may … [r]elease the defendant from obligation to pay the fine." Thus, Judge Gaines had the authority to release Wilson from paying the restitution she owes, but that is not what he did. To the contrary, Judge Gaines's July 10, 2023, order expressly "ordered [Wilson] to pay restitution" and, instead of waiving her restitution, waived the 30 percent collection fee that should have been imposed on top of the restitution. However, although Rule 26.11(h)(5) authorizes a court to release a defendant from the obligation to pay "a fine and/or restitution," it does not authorize a court to waive the 30 percent collection fee that, pursuant to § 12-17-225.4, must be imposed on a defendant who still owes restitution, as Wilson does.

For the foregoing reasons, should the issue ever be properly presented to this Court, I would hold that a court is obligated to impose the 30 percent collection fee required by § 12-17-225.4 and that it has no discretion to waive that fee. Thus, if the State had presented this Court with the transcript of the hearing, or any other evidence, indicating that it objected to Judge Gaines's order waiving the 30 percent collection fee in this case, I would grant the State's petition and order Judge Gaines to vacate that order and to reinstate the fee. Because the State failed to

21

provide this Court with such evidence, however, I agree with the main opinion's conclusion that the State's petition is due to be denied, though, as I have already explained, not all of the analysis that supports the main opinion's conclusion.

Windom, P.J., concurs.